## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS CARMICHAEL,               )<br>                                                         )<br>       *Plaintiff*,                                )<br>v.                                                      )     Case No. CIV-20-109-D<br>                                                         )<br>JOE ALLBAUGH, *et al.*,                )<br>                                                         )<br>       *Defendants*.                          )<br>                                                         )<br>                                                         ) | |

# **O R D E R**

Before the Court are two motions [Doc. Nos. 6,7] seeking the dismissal of Plaintiff's Complaint. In response, Plaintiff asks the Court for leave to amend his pleading. *See* Response [Doc. No. 12]. Defendants oppose this request, arguing that Plaintiff's request is not adequately supported, and any amendment would be futile. *See* Reply [Doc. No. 14].

Federal Rule of Civil Procedure 15(a) provides that a party "may amend [its] pleading once as a matter of course at any time before a responsive pleading is served." FED. R. CIV. P. 15(a). A motion to dismiss is not a typically a responsive pleading within the meaning of Rule 15(a). *See Brever v. Rockwell Int' l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994).

Under the present circumstances, Defendants' motions to dismiss are not deemed responsive pleadings. *See Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985) (stating that a "motion to dismiss is treated like a responsive pleading when final judgment is entered before plaintiff files an amended complaint"). Plaintiff, therefore,

1

has a right to amend the complaint as a matter of course, and there is no need for the Court to grant leave. Further, upon amendment, Defendants' motions challenging the sufficiency of Plaintiff's original pleading are moot. *See Davis v. TXO Prod. Corp.,* 929 F.2d 1515, 1517 (10th Cir. 1991) (amended complaint "supersedes the original and renders it of no legal effect"); *see also May v. Segovia*, 929 F.3d 1223, 1228 (10th Cir. 2019); *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.,* 793 F.3d 1177, 1180 (10th Cir. 2015); *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007).

IT IS THEREFORE ORDERED that Plaintiff may file his amended complaint within twenty-one (21) days from the date of this Order.

IT IS FURTHER ORDERED that Defendants' Motions to Dismiss [Doc. Nos. 6, 7] are DENIED AS MOOT without prejudice to resubmission, as appropriate.

**IT IS SO ORDERED** this 2nd day of June, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge