IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THOMAS CARMICHAEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-109-D |
| | ) | |
| JOE M. ALLBAUGH, THE OKLAHOMA DEPARTMENT OF CORRECTIONS, and the CITY OF OKLAHOMA CITY, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Before the Court is Defendant City of Oklahoma City's Motion to Dismiss Amended Complaint and Brief in Support [Doc. No. 23] filed pursuant to FED. R. CIV. P. 12(b)(6).[1] Plaintiff Thomas Carmichael filed a response in opposition [Doc. No. 24].

## BACKGROUND

This is Plaintiff's second lawsuit against these Defendants. The lawsuits stem from Plaintiff's inability to reside in his home after registering in the Oklahoma Sex Offender Registry. Plaintiff was released from the Lexington Correctional Facility, and he immediately registered as a sex offender. After registering, he was not permitted to live in the home that he owned in Edmond, Oklahoma, because of an alleged park or playground nearby.

---

[1] There is a similar motion to dismiss by Defendant Allbaugh [Doc. No. 17], which the Court will address in a separate Order.

1

In his first lawsuit, Plaintiff stated three causes of action: (1) as applied, the Oklahoma statute violated the *Ex Post Facto* clause of the Constitution; (2) as applied, the Oklahoma statute violated his Fourteenth Amendment Due Process rights; and (3) a claim for declaratory and injunctive relief to enjoin the enforcement of the Oklahoma statute. *See Carmichael v. Oklahoma Dep't of Corr.*, Case. No. CIV-17-869-D, 2019 WL 4060873 (W.D. Okla. Aug. 28, 2019). On August 28, 2019, this Court granted summary judgment in Plaintiff's favor as to the inapplicability of the OSORA restrictions without deciding the constitutional issues. *Id.* at *3.

Plaintiff filed the Complaint in the instant lawsuit on February 7, 2020 [Doc. No. 1], which was amended on June 18, 2020 [Doc. No. 16]. Plaintiff asserts three claims: (1) a violation of property rights under the Fourteenth Amendment; (2) a violation of due process; and (3) a violation of his right to be free from seizure under the Fourth and Fourteenth Amendments. Plaintiff seeks compensatory, punitive, and treble damages, as well as costs and fees.

Defendant moves the Court to dismiss with prejudice, arguing that Plaintiff fails to state a claim as a matter of law.

## STANDARD OF DECISION

To survive a motion to dismiss under FED. R. CIV. P. 12(b)(6), a complaint must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). A claim has facial plausibility when the court can draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556

U.S. at 678. In § 1983 cases, it is particularly important "that the complaint make clear exactly *who* is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *See Robbins*, 519 F.3d at 1249–50 (emphasis in original); *see also Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009).

## DISCUSSION

### I. FAILURE TO STATE A CLAIM

Defendant seeks dismissal on two grounds. First, Defendant argues that Plaintiff's claims are time-barred by the applicable statute of limitations. Alternatively, Defendant argues that Plaintiff's second suit is improper claim-splitting.

#### a. STATUTE OF LIMITATIONS

Defendant first seeks dismissal of Plaintiff's § 1983 claims because they are time-barred by the applicable two-year statute of limitations. Defendant asserts that Plaintiff's § 1983 claims were time-barred after January 17, 2019, and Plaintiff filed suit on February 7, 2020 [Doc. No. 1]. Plaintiff argues in response that the statute of limitations should be tolled on the basis of "exceptional circumstances" under Oklahoma law. *See* Pl.'s Resp. to Def.'s Mot. at 3. Plaintiff also argues that applying the statute of limitations to bar his claims is contrary to § 1983's goals of compensation and deterrence. *Id.* at 2.

State law governs the appropriate statute of limitations and accompanying tolling provisions in 42 U.S.C. § 1983 actions. *See Alexander v.* Oklahoma, 382 F.3d 1206, 1217 (10th Cir. 2004) (footnote omitted); *Fratus v.* Deland, 49 F.3d 673, 675 (10th Cir. 1995).

3

Federal law governs the accrual of a § 1983 claim. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004). "In general, under the federal discovery rule, claims accrue and the statute of limitations begin to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action. In particular, a civil rights action accrues when facts that would support a cause of action are or should be apparent." *Alexander*, 382 F.3d at 1215. "'[I]f the allegations [of a complaint] show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.'" *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096–97 (10th Cir. 2009) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)). And this dismissal is with prejudice. *See Satterfield v. Franklin*, No. CIV-08-733-D, 2009 WL 52318, at *1 (W.D. Okla. Mar. 2, 2009) (citing *AdvantEdge Business Group v. Thomas E. Mestmaker & Associates, Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009)). Since the injury in a § 1983 action is the violation of a constitutional right, such a claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated. *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1988).

Plaintiff was notified for a second time on January 17, 2017, that he was not permitted to live in his home. Def.'s Mot. at 2. Thus, Plaintiff knew or had reason to know of a violation of his constitutional rights on that date. In fact, Plaintiff concedes that Defendant "began violating his constitutional rights on January 17, 2017." Pl.'s Resp. to Def.'s Mot. at 2. Plaintiff should have filed his suit by January 19, 2020. Plaintiff did not file until February of 2020.

Oklahoma provides for the tolling of the statute of limitations based on (1) legal disability, (2) the discovery rule, and (3) exceptional circumstances. *Johnson v. Garrison*, 805 F. App'x 589, 593 (10th Cir. 2020) (quoting *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004)). Plaintiff bears "'the burden of establishing a factual basis for tolling the statute.'" *Oakes v. Oklahoma University Medical Center*, Case No. CIV-15-1298-F, 2016 WL 1122031 at * (W.D. Okla. Feb. 2, 2016). Thus, the plaintiff must "prov[e] that an 'extraordinary circumstance' prevented him from filing his complaint in a timely manner." *Id.*

Plaintiff argues exceptional circumstances are present because "there was no viable claim under § 1983 until the Western District of Oklahoma entered their declaratory judgment in Plaintiff's favor." Pl.'s Resp. to Def.'s Mot. at 3. Plaintiff claims he "suspected that Defendant's conduct as alleged in CIV-17-869-D was unlawful and that he suffered harm from that conduct. But the injury in Plaintiff's action today was illusory until Western District substantiate Plaintiff's claims." *Id.* Plaintiff also asserts that the Court dismissed the constitutional claims without prejudice in the first suit.

The plaintiff in *Juarez-Galvan v. United Parcel Service*, No. 13-4046-SAC, 2014 WL 61467 at *3 (D. Kan. Jan. 8, 2014), made nearly identical arguments. In the first suit, the court granted summary judgment to the defendant and found that certain claims were waived because they were not included in the pretrial order. *Id.* In a second lawsuit, the plaintiff argued that the waived claims "were not resolved on their merits, and 'did not accrue until the litigation in *Juarez I* was all but completed.'" *Id.* The Court noted that it

did not preclude the plaintiff from bringing the waived claims in a subsequent case, but "[t]he thornier issue is whether Plaintiff has improperly split his claims." *Id.*

The Court agrees with the court in *Juarez*. In its August 28, 2019 Order, the Court stated, "Plaintiff's constitutional challenges to the statute shall be dismissed as moot without prejudice to refiling." *See* Order [Doc. No. 40] at 15. Plaintiff's claims in the first suit pertained to the statute violating the *Ex Post Facto* clause of the Constitution and the Fourteenth Amendment Due Process Clause. *Id.* at 2. Plaintiff is not precluded from bringing these claims in a subsequent case, but whether this is proper depends on the claim-splitting analysis.

Regarding the tolling of the statute of limitations, Plaintiff has failed to meet his burden. He has not shown that extraordinary circumstances existed preventing him from pursuing his claims. Plaintiff asserts that his damages were "illusory" until the conclusion of the first lawsuit, but he offers no support for tolling based on this proposition. Thus, Plaintiff's §1983 claims are time-barred.

### b. IMPROPER CLAIM SPLITTING

Even if Plaintiff's claims are not time-barred, they were improperly split from the claims in his first suit. Defendant asserts that Plaintiff improperly split his claims in bringing two lawsuits on the same facts against the same defendants. Plaintiff concedes that the parties are identical, but states the causes of action are separate. Pl.'s Resp. to Def.'s Mot. at 4. Plaintiff asserts that his rights and relief sought are also different in this suit. *Id.* Again, Plaintiff stresses that this Court dismissed his previous constitutional claims without prejudice. *Id.*

"The rule against claim-splitting requires a [litigant] to assert all of [his] causes of action arising from a common set of facts in one lawsuit." *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011). To that end, "[d]istrict courts have discretion to control their dockets by dismissing duplicative cases." *Id.* (citation omitted). This doctrine, arising from the Court's ability to comprehensively manage its docket, is rooted in the principle that "[p]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Stout ex rel. C.S. v. Oklahoma ex rel. Oklahoma Highway Patrol, et al.*, No. 13-CV-753-WPJ and No. 14-CV-427-WPJ, 2015 WL 1473504 at *4 (W.D. Okla. Mar. 27, 2015) (quoting *Katz*, 655 F.3d at 1217-18).

Claim-splitting is analyzed "as an aspect of res judicata," but the existence of a final judgment is not necessary. *Id.* Instead, "the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion." *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 987, 987 n.1 (10th Cir. 2002).

Under claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *See Kreme v. Chemical Constr. Corp.*, 456 U.S. 461, 467 n.6 (1982). Since the claim-splitting analysis does not require a final judgment on the merits, a party asserting claim splitting allegations need only establish that: (1) the parties or their privies are identical, and (2) the causes of action are identical. *Stout*, at *4 (citing *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149 (10th Cir. 2006)).

As to the causes of action, the Tenth Circuit has adopted the "transactional approach." *Nwosun v. Gen. Mills Restaurant*, 124 F.3d 1255, 1257 (10th Cir. 1997). Under this approach, the relevant question is whether a cause of action "includes all claims or legal theories or recovery that arise from the same transaction, event, or occurrence." *Id.*

The parties in the two lawsuits are identical, and the causes of action stem from a common set of facts. Both suits arise from Plaintiff being prevented from occupying his home after registering as a sex offender. Though the claims and relief sought might be different, the underlying facts are the same. Plaintiff should have asserted these claims in his first lawsuit. Thus, these claims were improperly split, and are subject to dismissal with prejudice. *See Crowley v. Jones*, CIV-07-1393-D, 2007 WL 4788471, at *4 (W.D. Okla. Jan. 28, 2007) (dismissing a claim with prejudice because it was barred by res judicata), *aff'd*, 296 F. App'x 675, 675 (10th Cir. 2008)).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. No. 23] is **GRANTED**, and his claims are dismissed with prejudice.

**IT IS SO ORDERED** this 4th day of November, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge