## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS CARMICHAEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-20-109-D |
| JOE M. ALLBAUGH, THE OKLAHOMA DEPARTMENT OF CORRECTIONS, and the CITY OF OKLAHOMA CITY, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is Defendant Joe M. Allbaugh's Motion to Dismiss and Brief in Support [Doc. No. 17]. Plaintiff Thomas Carmichael filed a response in opposition [Doc. No. 19], to which Defendant replied [Doc. No. 20]. This matter is fully briefed and at issue.

## BACKGROUND

This is Plaintiff's second lawsuit against these Defendants. The lawsuits stem from Plaintiff's inability to reside in his home after registering in the Oklahoma Sex Offender Registry. Plaintiff was released from the Lexington Correctional Facility, and he immediately registered as a sex offender. After registering, he was not permitted to live in the home that he owned in Edmond, Oklahoma, because of an alleged park or playground nearby.

In his first lawsuit, Plaintiff stated three causes of action: (1) as applied, the Oklahoma statute violated the *Ex Post Facto* clause of the Constitution; (2) as applied, the Oklahoma statute violated his Fourteenth Amendment Due Process rights; and (3) a claim

1

for declaratory and injunctive relief to enjoin the enforcement of the Oklahoma statute. *See Carmichael v. Oklahoma Dep't of Corr.*, Case. No. CIV-17-869-D, 2019 WL 4060873 (W.D. Okla. Aug. 28, 2019). On August 28, 2019, this Court granted summary judgment in Plaintiff's favor as to the inapplicability of the OSORA restrictions without deciding the constitutional issues. *Id.* at *3.

Plaintiff filed the Complaint in the instant lawsuit on February 7, 2020 [Doc. No. 1], which was amended on June 18, 2020 [Doc. No. 16]. Plaintiff asserts three claims: (1) a violation of property rights under the Fourteenth Amendment; (2) a violation of due process; and (3) a violation of his right to be free from seizure under the Fourth and Fourteenth Amendments. Plaintiff seeks compensatory, punitive, and treble damages, as well as costs and fees. Defendant moves the Court to dismiss on several grounds.

## STANDARD OF DECISION

Although Defendant cites the standard of decision under FED. R. CIV. P. 12(b)(6), he raises jurisdictional issues of whether the claims asserted in the Complaint are barred by sovereign immunity. The Motion is therefore governed by FED. R. CIV. P. 12(b)(1), as discussed *infra*. *See Harris v. Owens*, 264 F.3d 1282, 1288 (10th Cir. 2001) ("Once effectively raised, the Eleventh Amendment becomes a limitation on our subject-matter jurisdiction . . . .").

## DISCUSSION

Defendant asserts seven grounds for dismissal in the instant Motion: (1) improper claim splitting, (2) Eleventh Amendment immunity, (3) the Oklahoma Governmental Tort

Claims Act, (4) no supervisory liability, (5) statute of limitations, (6) improper service, and (7) failure to allege Defendant had any role in the underlying events.

The Court must first address the argument based on Eleventh Amendment immunity. Courts analyze Eleventh Amendment immunity under FED. R. CIV. P. 12(b)(1) because the Court lacks subject matter jurisdiction over claims barred by this immunity. *See Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012). There are two types of challenges to subject matter jurisdiction: (1) facial attacks on the sufficiency of the allegations contained in the complaint; and (2) challenges to the actual facts upon which subject matter jurisdiction is based. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). In this case, Defendant challenges the sufficiency of Plaintiff's factual allegations to overcome sovereign immunity.

Defendant argues that he has sovereign immunity from suit in his official capacity. Def.'s Mot. to Dismiss at 5. The Amended Complaint's caption lists Defendant as: "(1) JOE M. ALLBAUGH, personally, but acting in capacity as Director of the Oklahoma Department of Corrections." Am. Compl. at 1. This language evidences Plaintiff's intent to sue Defendant in his official capacity.[1] In Plaintiff's response to the instant Motion, he argues that Oklahoma has waived its immunity. *See* Pl.'s Resp. to Def.'s Mot. at 2. Plaintiff cites Okla. Stat. tit. 51, § 153, stating the statute permits "liability for loss resulting from the its [sic] torts or the torts of its employees acting within the scope of their employment."

---

[1] Attempts to allege supervisory liability of Allbaugh are not only conclusory and devoid of specific facts, they also disclose the theory that Plaintiff's rights were violated as a result of the personal involvement of others.

3

*Id.* at 2–3. Plaintiff argues that because of this statute, Defendant is not protected by Eleventh Amendment immunity.

Eleventh Amendment immunity prevents a federal court from hearing a claim brought by an individual against a state. *See* U.S. CONST. AMEND. XI; *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). There are three exceptions to such immunity: (1) where a state consents to be sued in federal court; (2) where Congress abrogates a state's sovereign immunity; and (3) where a plaintiff sues individual state officers in their official capacities, there is an ongoing violation of federal law, and plaintiff seeks prospective relief. *Muscogee (Creek) Nation*, 669 F.3d at 1166.

"An action against a person in his official capacity is, in reality, an action against the government entity for whom the person works." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998). "Oklahoma has not consented to be sued in federal court." *Berry v. Oklahoma*, 495 F. App'x 920, 921 (10th Cir. 2012); *see Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). Congress has not abrogated states' sovereign immunity through 42 U.S.C. § 1983. *Id.* at 921–22. Thus, "the State of Oklahoma's Eleventh Amendment immunity from suits seeking money damages in federal court remains intact." *Christian v. Thompson*, No. CIV-18-699-G, 2019 WL 4920885, at *2 (W.D. Okla. Oct. 3, 2019).

The relevant agency here is the Oklahoma Department of Corrections ("ODOC"). "ODOC is . . . shielded by sovereign immunity because it is an arm of the state." *Berry*, 495 F. App'x at 922 (citation omitted). ODOC's immunity extends to its employees who are sued for damages in their official capacities. *See Cleveland v. Martin*, 590 F. App'x

4

726, 730 (10th Cir. 2014). Defendant Allbaugh, as an employee of ODOC and in his official capacity, is protected by Eleventh Amendment immunity from damages sought under 42 U.S.C. § 1983 claims.

The statute cited by Plaintiff, Okla. Stat. tit. 51, § 153, is a provision of the Oklahoma Government Tort Claims Act. This provision must be read in conjunction with other sections of the same title. Section 152.1 specifically states that Oklahoma has not consented to be sued in federal court. Okla. Stat. tit. 51, § 152.1(B) ("The state, only to the extent and in the manner provided in this act, waives its immunity and that of its political subdivisions. In so waiving immunity, it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution."); *see also Berry*, 495 F. App'x at 922 ("Oklahoma has not consented to be sued in federal court."); *Callahan*, 471 F.3d at 1159 ("Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court.").

Thus, because Defendant is entitled to Eleventh Amendment immunity, the Court does not have jurisdiction over Plaintiff's claims against Defendant Allbaugh. The Court need not address Defendant's other grounds for dismissal.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. No. 17] is **GRANTED**, and Plaintiff's action against Defendant Allbaugh is dismissed without prejudice.

**IT IS SO ORDERED** this 4th day of November, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge